Commonwealth ex rel. Betz, Appellant, et al. *v.* Betz.

Argued April 12, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*John C. Arnold,* for appellant.

*Samuel Kagle,* with him *Howard I. James,* for appellee.

Opinion by Keller, P. J., July 15, 1937:

We have read and considered all the pleadings and testimony in this voluminous proceeding, going back to its inception in 1927. As the appeal was allowed in forma pauperis we have had to read the original record. It is a proceeding for support under the Act of April 13, 1867, P. L. 78.

The appellant, Mary B. Betz, and the appellee, John P. Betz, Jr., were married at Cumberland, Maryland, on November 25, 1925. Mrs. Betz was then 31 years old and her husband 35 years old. He was a lawyer, practicing in Philadelphia, but also a member of the Bucks County Bar. His father and mother lived in Bristol, Pennsylvania.

The appellee and appellant lived together as husband and wife until March 24, 1927, when after a violent quarrel he left her. They had lived together in Philadelphia until January 1927; after that, in Bristol.

In May 1927 Mrs. Betz brought a proceeding for support against her husband. The latter was then employed—and had been for several years—by a well-known firm of lawyers in Philadelphia to assist in the preparation of accident cases, and received a salary of $75 a week, and was permitted to attend to any private practice on his own account. His name appeared on the office door and was separately listed in the telephone directory. At the time of the hearing in the support proceedings Mrs. Betz was pregnant and the court in entering an order on the defendant to pay her $40 a week took her condition into consideration, to some extent. The child, a son, John Philip Betz, 3d, was born on October 3, 1927. On November 16, 1927 Mrs. Betz brought proceedings against her husband for the support of the child, and after a hearing, the court made an additional order on the husband to pay his wife $5 a week for the support of the child—undoubtedly taking into consideration that the original order of $40 a

week included something because of Mrs. Betz's being with child. Several petitions were filed by the husband for a reduction of these orders, which it is not necessary to recite in detail, and on June 25, 1929 the court reduced the order in favor of the wife from $40 to $20 a week, but allowed the order for the support of the child to remain at $5 a week. The reduction above was based on proof by the husband that his weekly salary had been cut from $75 a week to $50 a week.

Between November 18, 1929 and June 5, 1930 several petitions were filed by Mrs. Betz asking for an increase in the order for the child's support, but they were either dropped or refused.

On January 13, 1933 Mr. Betz filed a petition to have the order for his wife's support further reduced. Several hearings were had in court. It was shown that the $50 a week salary which he had received from the Philadelphia law firm had been discontinued on December 31, 1932; that for the future he would have no income except from his own private practice in Philadelphia and Bucks Counties, which in 1932 had produced $379.50. He opened a law office in Bristol, and was allowed to continue to use the law office in Philadelphia where he had been employed, without charge, but received no salary after January 1, 1933. His name still remains on the Philadelphia office door and is listed in the Philadelphia telephone directory. He goes to Philadelphia about once a week on his own law business; the rest of the time he spends in his office at Bristol and at court in Doylestown. On April 11, 1933, the court reduced the order for Mrs. Betz's support to $5 a week, leaving the order for the child's support stand at $5 a week. It is clear that the court recognized that these amounts were inadequate for the support of defendant's wife and child, but represented, in the conditions then present, all that the defendant could possibly pay.

Mrs. Betz filed several petitions for an increase of

her order in the years 1933 and 1934, which it is not necessary to do more than refer to. They were dismissed.

On April 13, 1936 and on April 27, 1936 she presented petitions on behalf of her son and herself, respectively, asking for an order of $20 a week for the support of her son and from $20 to $35 a week for the support of herself. The petitions were inartificially drawn, contained charges of fraud against her husband and averred that the reduction of her support order to $5 a week had been obtained by fraud, but they could be considered as petitions for an increase of the several support orders and the court below very properly so treated them and heard and considered them together.

The allegations of fraud in the preparation of defendant's income tax returns for the year 1933, made by Mrs. Betz, were not substantiated. The court on July 3, 1936 made an order, "That the defendant pay the costs of this proceeding, and that he pay from this date the sum of $7.50 per week to his wife towards her support, and the order for the support of the boy is continued as heretofore, making this increased order amount to $650 a year, which is somewhat over half of his highest income. It means an increase of $2.50 a week, or about $100 a year, little over $100 a year, and we make that, of course, on the basis of the increased income during that time. We do think that in 1935 the total expenses were rather high compared to the increase of income." Mrs. Betz appealed to this court.

The defendant testified that in 1933 his gross income, including all receipts from his law practice and his insurance agency, was $662.07, and his expenses were $491.30; net income $170.77; that in 1934 his gross income was $1,133.49, expenses $663.39 and net income, $470.10; and that in 1935 his gross income was $2,606.12, expenses $1,410.94, net income $1,195.18. For

the first half of 1936, he testified, his gross income was $1,256.56, expenses $698.11, net income $558.45. While Mrs. Betz disputed his figures as to income she had no competent testimony to rebut them, and we are led to accept them as far as they go. But we held in *Com. v. Wilmsen,* 112 Pa. Superior Ct. 119, 170 A. 418, that in proceedings of this kind the court, in fixing the amount of a support order for a wife and child or for children, can take into consideration gifts which a parent regularly makes to a defendant son, in the way of money or other valuable thing, which increases his means of support and ability to maintain his family. In that case a father carried his son—the defendant in the support proceeding—on his salary roll, although he did not work, and we held that the amount so received by the son, although in effect a gift, was to be taken into consideration in fixing the support payable for his children.

We feel that the lower court was most patient in its hearings on these proceedings. The appellant did much to prejudice and injure her case by her actions in court and by her exaggerated ideas and statements as to her husband's income and resources; but we are satisfied that the court below was not affected by these matters and rendered a wholly dispassionate judgment in the case. But, in our opinion, the court erred in accepting too readily the expenditures claimed by the defendant as being justified in the circumstances here present, and in failing to give due regard to the gifts by way of aid or support which the defendant *regularly received* from his mother. A man's first duty is to his wife and family. Necessary expenses in one's business must, of course, be first paid before there is any net income for the family support; but expenditures, merely for his own convenience rather than of necessity, cannot be deducted in such an amount as to deprive his wife and child of reasonably adequate support. Some of the items deducted as expenses were clearly allowable in any

event; others were allowable if the defendant could afford them after making due provision for his family; others should not have been considered at all in fixing these orders of support. For example in 1935 the defendant first included an item of expense for transportation, $170.50, for which no charge appeared in 1933 or 1934. He explained that he "charged off" $2 for every trip to Philadelphia and $1.50 for every trip to Doylestown. He did not say he paid it. He used his mother's car on these trips. He did not even testify that he bought or paid for the gas. Obviously if his use of the car was a gift from his mother, for which he actually paid nothing, he cannot be allowed to deduct anything by way of expense for it in arriving at his net income. The case is no different from what it would have been if he had been transported by a friend as a non-paying guest. So too in 1934 and 1935 he bought a set of Purdon's Statutes for which he paid $120. It was a sort of capital expenditure, which would not be repeated, and cannot be used to determine the defendant's net income for the future. His expenditures for stenographic services in 1934 were $196, and in 1935, $531, very much larger proportionately than his increase in income. The same may be said as to charges for stationery, stamps, etc. He lived with his mother and it does not appear in the evidence that he paid her for board and lodging. Instead he spent money freely in clubs and organizations which are entirely proper for one who can afford it after making proper provision for his family, but out of the question for one who does not give adequate support to wife and child.

This is not the case of a young professional man just starting on his career. The defendant is a lawyer of some twenty-one years practice. He had to make a radical change in 1933, but he is not in the position of a beginner. His practice is increasing and the sharp

reduction in the support of his wife and child made necessary by the change in January 1, 1933 is no longer necessary. An order of support can always be reviewed and increased, or reduced, on proof of a change in conditions and circumstances warranting it. The original order was reduced on the appellee's petition (1) when his salary was reduced and (2) when he lost his employment. An increase may be ordered when changed conditions justify it.

We do not deem it necessary to go into further details, but after due consideration of all the evidence we are satisfied that the defendant has a net income and earning capacity (See *Com. v. Leonard,* 93 Pa. Superior Ct. 21) equivalent to $1800 a year and that $900 of this or $75 a month should be applied by him to the support of wife and child, in the proportion of two-thirds, or $50 a month ($11.54 a week) for the wife, and one-third, or $25 a month ($5.77 a week) for the child; and that this order should be effective from the date of the court's order, July 3, 1936: *Com. ex rel. Herman v. Herman,* 97 Pa. Superior Ct. 453, 458.

Order reversed and the record is remitted to the court below with directions to enter orders in the several proceedings in accordance with this opinion.