Commonwealth ex rel. Sours *v.* Sours, Appellant.

Argued March 13, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Frederick J. Templeton,* with him *J. Boyd Landis,* for appellant.

*Harold S. Irwin,* with him *Mark E. Garber,* for appellee.

PER CURIAM, April 10, 1946:

The question is whether the court can be charged with a clear abuse of discretion *(Schoenfeldt v. Schoenfeldt,* 149 Pa. Superior Ct. 455, 27 A. 2d 472) in the order requiring the respondent to pay $24 a week for the support of his two daughters, aged 9 and 12 years. He contends that the order is excessive in amount and beyond his ability to pay. The parties are divorced and the children, since the separation, have been living with their mother. Relatrix's mother has been paying their tuition at private schools.

Respondent, while the parties lived together, was employed by his father as superintendent of a stone quarry, at wages of $47 per week. But the father supplemented this money-wage by providing the parties with a house, with a monthly rental value of $75, and the coal to heat it at a cost of about $125 each year. The father also gave his son from $200 to $500 each year, in addition to his salary, for the maintenance of his family; he also supplied an automobile for the use of his son and

his wife and paid all operating costs. Since the separation in February 1945 respondent has continued to receive $47 per week in wages in the same employment with his father, with the free use of an automobile, and has lived with his parents without cost to him.

We may not say that the order of $24 per week out of wages of $47 is unreasonably excessive under the circumstances. But from the testimony the hearing judge was justified in concluding that $47 per week was not the measure of respondent's financial resources nor his earning power nor the limit of his actual earnings. The contributions by the father before the separation of the parties and the support of the son since, in all probability were not entirely gratuitous. Cf. *Com. ex rel. Betz v. Betz*, 127 Pa. Superior Ct. 98, 193 A. 338. Considering the "income and earning capacity of the respondent and the condition of life of the family" (*Com. ex rel. Fort v. Fort*, 124 Pa. Superior Ct. 151, 188 A. 416) during the period of the marriage, as well as respondent's present ability to pay, we agree that the order is reasonable in amount.

Order affirmed.