Opinion by
 

 Fine, J.,
 

 In this desertion and non-support proceeding the court below ordered the husband to pay a weekly sum of $40.00 for the support of his wife and their two children, fifteen and eleven years of age. The husband has appealed contending that (1) the evidence fails to establish that he has neglected to maintain his wife and children, and (2) the order of $40.00 a week exceeds the amount warranted by his income.
 

 The relatrix testified that the parties separated in February, 1949; that appellant at that time commenced paying her $5.00 a week for the support of herself and
 
 *314
 
 their two children; that after he instituted divorce proceedings he increased the weekly amount by supplying some food and lodging; that after the non-support proceedings were instituted he increased the amount to $15.00 weekly which he paid for only three weeks; that since the date of separation the relatrix has been borrowing from relatives to provide the necessities of food and clothing for herself and their two children; that the small sums which have been paid by the appellant are wholly insufficient to provide the bare necessities of food and clothing for the relatrix and their two children.
 

 The purpose of §733 of the Act of 1939, P. L. 872, 18 PS 4733, is to secure an alloAvance for the support of a Avife and family consonant Avith the husband’s property, income, earning capacity and the family’s condition in life:
 
 Commonwealth v. George,
 
 358 Pa. 118, 123, 56 A. 2d 228;
 
 Jones v. Jones,
 
 348 Pa. 411, 415, 416, 35 A. 2d 270;
 
 Commonwealth v. Elliott,
 
 157 Pa. Superior Ct. 619, 43 A. 2d 630;
 
 Commonwealth ex rel. Binney v. Binney,
 
 146 Pa. Superior Ct. 374, 379, 22 A. 2d 598. In such circumstances, the function of this Court, upon revieAV of this action, is to determine whether sufficient evidence was adduced to establish á neglect to maintain his wife and children.
 
 Commonwealth v. George,
 
 supra, at p. 123. We are satisfied after examination of the testimony that the record amply supports the finding of the court below of such neglect and failure to maintain his family.
 

 Appellant’s remaining contention that the order is excessive is equally devoid of merit. The record discloses the appellant owns real estate from which he receives approximately $700.00 a month in rentals; that he receives about $1,000.00 gross income weekly from a bar and restaurant which he operates in connection with one parcel of real estate; that for the year 1948 his income tax return showed a net income of $7,645.97. The determination of the sum adequate for the support of a Avife and children is left in the first instance with the
 
 *315
 
 court of quarter sessions and its action will be disturbed only when clear abuse of discretion lias been demonstrated.
 
 Commonwealth v. Elliott,
 
 supra. We think the court below properly exercised its discretion in making the order of $40.00 a week for the support of the relatrix and their two children. The award is not unreasonable and it is within the appellant’s ability to pay.
 

 Order affirmed.