Commonwealth *v.* Stick, Appellant.

Argued September 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Jesse L. Crabbs,* with him *Robert B. Frey,* for appellant.

*Herbert B. Cohen,* with him *Clarence M. Lawyer, Jr.,* District Attorney, for appellee.

PER CURIAM, November 15, 1951:

On July 14, 1947, the Court of Quarter Sessions of York County ordered appellant to pay the sum of $20 per week for the support of his son, then five years of age. On January 25, 1949, a petition for reduction of the order was denied and on November 20, 1950, a second petition was filed. A hearing on the second pe-

tition was held January 29, 1951. In the meantime appellant, who had been divorced by his first wife, remarried.

At the time of the entry of the original order the defendant was a beer distributor in York County, Pa. From September, 1948, until June 1, 1949, he was out of business and not otherwise gainfully employed. On the latter date he re-entered the beer distributing business in Lancaster, Pa., where he is presently residing and maintaining a household at considerable expense. His first wife is working to help support the child.

After the hearing on January 29, 1951, the learned judge of the lower court said: "I am not going to . . . reduce the order, but I am going to modify it and permit . . . [defendant] to pay ten dollars a week for the next three months. . . . The order is not reduced, it is simply modified for the next ninety days . . ."

On April 30, 1951, at the expiration of the ninety-day period, the matter came on for further hearing, following which the court increased the order to $15 a week to run until "shortly after the first of the year . . . 1952." It is from that order that defendant has appealed to this Court.

In an opinion filed after the appeal had been taken the learned judge of the court below said: "When the original order was entered on July 14, 1947, the defendant . . . was conducting a successful beer distributing business . . . with . . . a net profit of approximately $7500.00 annually." The business in Lancaster County has not been as profitable as the business in York County, which prompted the court below to say, "defendant will either have to . . . make his present business venture more lucrative or secure other employment where his income will be commensurate with his ability." Far from abusing its discretion in ordering appellant to pay $15 per week for the support of his now nine-year-old son, the court has shown defendant every

reasonable consideration. The evidence is conclusive that his income of approximately $1500 in 1950 is not the limit of his earning capacity, and that is the test to be applied. See *Commonwealth ex rel. Sours v. Sours,* 159 Pa. Superior Ct. 4, 46 A. 2d 328; *Commonwealth ex rel. Mazon v. Mazon,* 163 Pa. Superior Ct. 502, 63 A. 2d 112.

The order is affirmed.