Commonwealth ex rel. Mass *v.* Mass, Appellant.

Argued March 25, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Leonard B. Rosenthal,* with him *Abraham Wernick,* for appellant.

*Abraham J. Levy,* for appellee.

OPINION BY RENO, J., April 15, 1952:

This is an appeal by a father from an order entered under the Act of June 24, 1939, P. L. 872, §733, 18 P.S. §4733, directing him to pay $37.50 per week for the

support of his infant son. The sole question is the reasonableness of the order.

On appeal it is not our function to interfere with the determination of the court below in the absence of a clear abuse of discretion. *Com. ex rel. Slocum v. Slocum*, 161 Pa. Superior Ct. 473, 55 A. 2d 565; *Com. ex rel. Vaccaro v. Vaccaro*, 166 Pa. Superior Ct. 312, 70 A. 2d 668; *Com. ex rel. Nicholson v. Groff*, 169 Pa. Superior Ct. 12, 82 A. 2d 536. On the record before us we find no manifest abuse of discretion on the part of the trial judge and therefore will not substitute our judgment for his or disturb the order.

Relatrix, Anna Mae Mass, and appellant were married September 12, 1945 and separated September 14, 1951. The proceeding is for the support of their 2½ year old son, who resides with relatrix and her parents. The parties resided in an apartment where appellant has continued to live, maintaining a two bedroom apartment at a monthly rental of $126. He estimates the incidental costs of operating the apartment at $80 to $85 a month, and the expense of his meals, which he eats at restaurants, at $50 a week. Appellant also claims a deduction for compensation payable to an employment agency which secured his present position for him and for which he will pay $100 a month for eight months. While necessary business expenses must first be paid before there is net income available for family support, expenditures for mere conveniences may not be deducted in such an amount as to deprive minor children of adequate support. *Com. ex rel. Betz v. Betz*, 127 Pa. Superior Ct. 98, 193 A. 338; *Com. ex rel. Barnes v. Barnes*, 151 Pa. Superior Ct. 202, 30 A. 2d 437.

The object of a support order is to secure such allowance for the minor child as is reasonable, having in mind the father's standard of living as well as his property, income and earning capacity or his ability

to earn. *Com. ex rel. Rossi v. Rossi,* 161 Pa. Superior Ct. 86, 53 A. 2d 887; *Com. v. Bicking,* 163 Pa. Superior Ct. 454, 62 A. 2d 118. The support shall be commensurate with the means and station in life of the father. *Com. ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923.

At the time of the hearing appellant was employed as advertising manager at an annual salary of $10,000. While the parties lived together appellant earned a gross salary of $15,000 and had $8,000 cash on deposit in bank and stock valued at $2,000. In the light of this and all the evidence we cannot say the support order was unreasonable or confiscatory, considering appellant's somewhat inflated living expenses. *Com. ex rel. Bush v. Bush,* 170 Pa. Superior Ct. 382, 86 A. 2d 62.

We have carefully examined the entire record and find appellant's charge of prejudice on the part of the trial judge is completely unfounded.

Order affirmed.