Commonwealth ex rel. Taylor, Appellant, *v.* Taylor.

520

Argued September 14, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ. (RHODES, P. J., absent).

*Herman Lang Sundheim,* for appellant.

*Julian E. Goldberg,* with him *Sadie T. M. Alex-ander,* for appellee.

OPINION BY GUNTHER, J., November 16, 1960:

This is an appeal by Marie A. Taylor from the order of the court below awarding her support in the amount of $40.00 per week. She is claiming that the award is inadequate and that the court below abused its discretion in fixing such an amount to be paid by the husband. The appellee, John W. Taylor, on the other hand, contends that appellant is not entitled to such support or any support by reason of a bigamous marriage or, in the alternative, that the order of the court below was adequate under all the circumstances.

Appellant, now 73 years of age, was married to appellee on August 29, 1930 at Elkton, Maryland. The marriage did not last and in August or September, 1931, the parties separated. A reconciliation was effected and the parties resumed cohabitation but this, too, was for a short duration, and the husband finally left on April 29, 1932. No children were born of this marriage. On April 20, 1933, an order of $10.00 a week was entered against the husband by the court below at which time appellant's marital history was reviewed. No appeal was taken from this adjudication and appellee continued this payment regularly. In addition, commencing with the year 1937, he paid additional sums in varying amounts regularly and also made contributions for special occasions. In 1955, he gave appellant $266.00 for a television set, and in 1956, he gave her $250.00 for a trip to Florida.

On February 23, 1960, appellant filed a petition to increase the amount of the support order, and the appellee filed a petition to vacate the order, alleging that the marriage was void because of a prior undissolved marriage of the appellant. Testimony was taken on both issues and at the conclusion of the hearings, the petition to increase was granted, increasing the order from $10.00 to $40.00 per week. The petition to vacate

the original order for support was dismissed but no appeal was taken from this adjudication.

Appellee is a construction engineer employed by the Philadelphia Quartz Company. He testified that his salary for the year 1959 was $17,136.00. In addition, he received in the form of dividends and interest the sum of $826.34. His income tax for the year was $4,212.39, leaving a balance of $13,749.95, or $264.24 per week. He testified that he and his brother inherited two houses from their parents, one of which was sold and the other of which is maintained by him for his incapacitated brother. He also contributed the sum of $25.00 per week for his brother. Not including the contribution made to his brother, appellee testified, without challenge, that his weekly expenses amounted to $74.19.

Appellant testified that her minimum needs require $224.00 per month or $51.69 per week calculated on a 52 week basis. In this figure, she included an item of $27.50 a month for doctor bills and medicine, in addition to a calculation for Blue Cross and Blue Shield, even though she admitted not having been to a doctor for two years. She also included the sum of $10.00 per month for telephone although she admitted that she had a party-line telephone.

Our duty is limited to determine whether there is evidence to support the order of the hearing judge, and whether there has been an abuse of discretion. *Commonwealth v. McAlaine,* 193 Pa. Superior Ct. 27, 163 A. 2d 711; *Commonwealth ex rel. Mandell v. Mandell,* 184 Pa. Superior Ct. 179, 133 A. 2d 235; *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 150 A. 2d 139. The determination of the amount of support is within the discretion of the hearing judge and will not be disturbed unless there has been an abuse of discretion. *Commonwealth ex rel. Weisberg v. Weisberg,* 193 Pa.

Superior Ct. 204, 164 A. 2d 54. The parties have lived together for approximately a year and a half and have been separated for some 28 years. Appellee has been supporting appellant for some 27 years during which time she identified herself to the public in telephone directories, former places of employment, at her church and in the community generally as Mrs. O'Malley, the name of her former husband. She made no complaint of inadequate support so long as appellee was contributing the sum of $127.50 per month over and above the $10.00 per week order and, as a matter of fact, admitted on this appeal that all would have gone along well on a voluntary payment basis until he refused to give her an additional sum of $100.00 to visit a sister in St. Louis. These sums totaled $39.42 per week but she now complains that $40.00 per week is grossly inadequate.

There are many factors to consider in determining whether an order for support is adequate in any given case. No hard and fast rule can be enunciated which will apply in all cases. The one-third rule is to be used only to determine the ceiling or lawful maximum of support for a wife but is not intended as a measure of what will furnish adequate support and maintenance. *Commonwealth ex rel. Kolbe v. Kolbe,* 186 Pa. Superior Ct. 256, 142 A. 2d 365; *Commonwealth ex rel. Milne v. Milne,* 150 Pa. Superior Ct. 606, 29 A. 2d 228. Within the one-third limit, the court has wide discretion so long as the amount awarded is not grossly inadequate under all the circumstances. *Commonwealth ex rel. Weible v. Weible,* 159 Pa. Superior Ct. 290, 48 A. 2d 161. An examination of this record discloses sufficient evidence or reasonable inferences therefrom to sustain the order of the hearing judge.

The contention of appellee as precluding any support by reason of appellant having entered into a biga-

mous marriage cannot be considered on this appeal. Since no appeal has been taken from the determination of the court below, there is nothing before us on this issue. In any event, the test as outlined in *Commonwealth ex rel. Johnson v. Johnson,* 181 Pa. Superior Ct. 172, 124 A. 2d 423, is not apparent in this record.

The order of the court below is affirmed.