Commonwealth ex rel. Zappasodi *v.* Zappasodi,
Appellant.

Argued September 13, 1961. Before ERVIN, WRIGHT,
WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
(RHODES, P. J., absent).

Before SWENEY, P. J.

*Arthur Levy,* with him *McClenachan, Blumberg &
Levy,* for appellant.

*Philip J. O'Malley,* for appellee.

OPINION BY FLOOD, J., November 16, 1961:

The husband in this case appealed from a support order in the sum of $100 per week to be applied $55 for his wife and $45 for the two children of the parties. He objects that this order is excessive in view of his disposable income. His argument is based almost entirely upon what appears in his 1960 Federal income tax return as to which he and his accountant testified.

The defendant owns and operates a drug store located at Aldan, Pennsylvania. He left his wife on or about February 21, 1960. At the time of the hearing, April 21, 1961, he was living at the home of a woman, now known as Frances Zappasodi, located in Haddonfield, New Jersey. This woman, a former dance instructor of the parties' children, was married when the defendant met her and has two children, aged seven and eight or nine, respectively.

The defendant's wife testified that prior to his departure the defendant had advised her that he made $30,000 a year out of his business during the year 1959. She was asked on cross-examination, "Do you know whether that represents before deduction of business expenses?" and answered, "Yes." After the parties' separation and until shortly before the support hearing the defendant paid his wife fifty or seventy-five dollars each week. He also paid the monthly installments of principal and interest on a mortgage covering the property where his wife and children continue to reside. This payment was approximately $118 monthly or $29.50 per week. At the date of the hearing he was two months in arrears on the mortgage payments. It appears from the opinion of the court below that its order contemplates the payment by the wife of these monthly mortgage charges.

The defendant offered evidence that his adjusted gross income for 1959 was $16,832.25 upon which he paid income taxes of $3,329.71, leaving a net income of approximately $13,500.

The defendant's accountant produced a copy of the defendant's income tax return for the year 1960 which disclosed an adjusted gross income of $15,041.88, income taxes of $2,286.35, or a net income of approximately $12,800.

The accountant then testified that the defendant had several loans representing, among other things, the balance due on the purchase price of the business, store fixtures and a delivery car, upon which he had to make fixed monthly payments. While the accountant did not fully identify them, he testified that these monthly payments totalled $143 weekly. According to him, the defendant had a weekly income from the business of $260 from which he had to deduct the payments mentioned above, totalling $143, leaving him with a disposable income of approximately $117 per week.

The defendant's accountant further testified that the defendant owed $23,000 to his suppliers, that his checking account was currently in the low three figures and that he had been drawing an average of $200 per week over the last year, which was more than the business could afford, and resulted in an increase of his accounts payable.

On cross-examination the accountant testified that a druggist working for someone else could earn an average of from $100 to $150 per week. He stated that the defendant's gross receipts for 1960 were $148,854, his gross profit was $41,793, and his net profit for tax purposes was $15,254. The defendant's non-business deductions for charities, interest on personal loans and non-business taxes, totalled $1,940. The evidence further showed that the defendant's 1960 return was a joint return, made in the name of the defendant and Frances Zappasodi, upon which the defendant claimed six exemptions, including Frances Zappasodi and her two children, as well as his own children and himself.

If we accept his own accountant's figures, defendant has a weekly business income of $260. An order

of $100 out of this sum for his wife and children is reasonable. Certainly, we cannot say that the judge abused his discretion in making this finding, unless he was bound to take the defendant's figures as to the deductions.

The trial court was not bound to accept the figures or testimony of the defendant's accountant, because he admitted that his figures, or some of them, were taken from information supplied by the defendant. Since the defendant clearly gave his accountant false information concerning his marital status and the number of his lawful dependents, the trial judge had reason to doubt his accuracy on other matters. The item of $143 weekly, which the defendant claims is a fixed required expenditure, was not itemized or explained sufficiently to be accepted at face value. So far as appears these payments, for the most part, represent capital additions which will increase the defendant's equity in his business and are not necessarily deductible from the defendant's gross income in determining the proper figure upon which a support order should be based. *Com. ex rel. Betz v. Betz,* 127 Pa. Superior Ct. 98 at 103, 193 A. 338 at 340 (1937).

The deduction he seeks, in the sum of $143 from the $260 being largely an expenditure for capital additions (and certainly there is no clear testimony that any of it is for anything else) cannot be allowed in full. Most of it seems to constitute the purchase price of capital assets. Moreover, a substantial part of the deduction constitutes amounts due the Central-Penn National Bank on a loan which was not even identified as a business loan. Some of the items claimed may be deductible but it was defendant's burden to individuate them, and he has not done so.

If to these difficulties with the testimony of the defendant and his accountant, we add his wife's testimony that until shortly before the hearing he was paying her

fifty or seventy-five dollars per week and making the mortgage payment of $29.50 per week, at a time when it appears that he was also supporting the other woman and her children, it seems obvious that there is ample basis in the record for the court's order.

Order affirmed.