Commonwealth ex rel. Kallen *v.* Kallen,
Appellant.

Argued March 18, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

508

*Edward N. Barol,* with him *Leonard L. Creskoff,* for appellant.

*Harry Shapiro,* with him *David N. Bressler,* and *Shapiro, Rosenfield, Stalberg & Cook,* for appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

This is an appeal from an order entered by the lower court which granted $225 a week for the support of the appellant's wife and son. There was never any question in this case as to the right to support; the sole issue being the amount of support.

The parties were married on June 7, 1941, and have one child born May 10, 1947. They separated on June 10, 1962. The son lives with the wife in a two bedroom apartment and is a student. The appellant is a physician in general practice and is 61 years of age.

The appellant's testimony establishes that the gross receipts from his profession in 1961 were $36,338, and he also had $290 of income from other sources; his net income before taxes was $26,033.61, and his income after taxes was $20,660.26. The appellant acknowledged that the net worth of his assets was $324,750, although he claims that the major part of this is in speculative real estate which if liquidated at the present time would not bring this appraised valuation.

It is well settled that the purpose of a support order is to secure such an allowance to the wife and child as

is reasonable, having in mind the husband's property and earning capacity and the station in life of the parties. *Commonwealth ex rel. O'Hey v. McCurdy*, 199 Pa. Superior Ct. 115, 184 A. 2d 291; *Commonwealth ex rel. Warner v. Warner*, 194 Pa. Superior Ct. 496, 168 A. 2d 755. The husband's ability to pay or capacity to earn is an important criterion in the determination of the support order. *Commonwealth ex rel. Mass v Mass*, 170 Pa. Superior Ct. 545, 87 A. 2d 793. A wealthy father has a legal duty to give his children the advantages which his financial status indicates to be reasonable. *Hecht v. Hecht*, 189 Pa. Superior Ct. 276, 150 A. 2d 139. The lower court, in consideration of these fundamental principles of law, reviewed the testimony of the appellant's finances and earning ability and concluded that the appellant is a person of means with a fairly substantial income who had been able to accumulate a personal estate of over a quarter-million dollars. The court was also of the opinion that the appellant's returns from his various business transactions and investments were substantially greater in amount than appellant disclosed. The lower court did not accept the itemized expenditures asserted by the appellee to be necessary for her and the son's support and which amounted to approximately $315 per week. After considering the credible evidence as to the appellant's finances and the standard of living to which the wife and son had been accustomed, the court entered an order for $225 per week for the support of the appellee and the son.

On an appeal by a husband challenging a support order, the function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge and the appellate court will not interfere unless there has been a clear abuse of discretion. *Commonwealth ex rel. McCuff v. McCuff*, 196 Pa. Superior Ct. 320, 175 A. 2d 124; *Common*

*wealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A.
2d 297. The amount which the husband should be
ordered to pay in a nonsupport case is largely within
the discretion of the trial judge who is not restricted
to the husband's actual earnings, but may also con-
sider his earning power and standard of living, and
the Superior Court will not interfere with the order
unless the amount awarded for support is grossly in-
adequate or excessive under the circumstances. *Com-
monwealth ex rel. Brown v. Brown,* 195 Pa. Superior
Ct. 324, 171 A. 2d 833; *Commonwealth ex rel. Edelman
v. Edelman,* 193 Pa. Superior Ct. 570, 165 A. 2d 92;
*Commonwealth ex rel. Trichon v. Trichon,* 189 Pa. Su-
perior Ct. 395, 150 A. 2d 176.

Even if we disregard the appellant's net worth, the
income from his profession and his admitted additional
income of $3,900 for the next four years from his in-
vestments are sufficient to warrant the amount of the
support order entered by the lower court.

The appellant further contends that the lower court,
without mention of any specific items it may have
questioned, arrived at a lower amount than the re-
quested one of $315 per week, and in doing so failed
to indicate the method by which it reached its inde-
pendent award, which indication, the appellant de-
clares, is required by *Commonwealth v. Gleason,* 166
Pa. Superior Ct. 506, 72 A. 2d 595. In that case it was
held that orderly procedure indicated the necessity for
additional testimony as to the husband's actual income,
or his earning power in terms of potential income and
the entry of an order based upon specific findings
from that testimony. In the present case the lower
court had before it the husband's own testimony and
other evidence of his earnings, income and net worth;
the detailed evidence of the needs of the wife and
child; and testimony which clearly established the
relatively high standard of living to which the family

was accustomed. The court stated that it did not accept the itemized necessities of the wife at face value and also questioned the veracity of the appellant as to the disclosure of his entire income. The lower court has obviously made its own specific findings and deductions based on the evidence and accompanying circumstances, and the record fully substantiates its decision and order.

Order affirmed.