## Markley *v.* Markley, Appellant.

Argued December 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-MAN, JJ. (FLOOD, J., absent).

*George A. D'Angelo*, for appellant.

*Michael Kivko*, with him *Robert McK. Glass*, for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

On June 25, 1962, in the Court of Common Pleas of Northumberland County, Sidney M. Markley filed a complaint against his wife under the provisions of The Divorce Law of May 2, 1929, P. L. 1237, as enlarged by the amendment of December 30, 1959, P. L. 2055, 23 P.S. 15. This complaint contained three counts. The first count was an action in divorce a.v.m. on the ground of indignities to the person. The second count was an action for rights of visitation with and custody of Lisa Markley, the minor daughter of the parties, born February 9, 1954. The third count was an action to set the amount of alimony, maintenance and counsel fees. The eventual disposition by the lower court of the first count forms the basis of a companion appeal. See *Markley v. Markley*, 207 Pa. Superior Ct. 758, 216 A. 2d 621. The second count was disposed of by an order of the lower court dated April 22, 1963, from which order[1] no appeal was taken. As to the third count, an opinion was filed in the lower court on August 5, 1963, allowing interim counsel fees, temporarily refusing alimony, costs and expenses, and making an order for the wife's maintenance in the sum of $125.00 per week, and for the daughter's maintenance in the sum of $35.00 per week.

---

[1] "AND Now, April 22, 1963, the custody of Lisa Markley is awarded to her Mother, Rosalie S. Markley. The Father, Sidney M. Markley, to have the right of visitation with and the custody of Lisa on alternate week-ends of each month of each year. The visitation period to begin one hour after the conclusion of the school day on Friday, and extend to not later than 8 o'clock P.M. on Sunday. The custody and visitation rights of the Father under this Order, shall begin April 26, 1963".

We are here concerned with an appeal by the wife from the order of August 5, 1963, involving the third count, in which appellant's only contention is that "the amount of support" is inadequate. We have made a painstaking review of the voluminous original record in this and the companion appeal. The case has been bitterly contested. The docket entries alone cover eight typewritten pages. The notes of testimony are contained in ten folio volumes, totaling over twenty-two hundred pages. An effort will be made to limit this opinion to the sole issue before us in the instant appeal. The factual situation, so far as here pertinent, appears in the following excerpt from the opinion below.

"The relevant facts for the determination of the questions herein presented disclose the following history. The plaintiff, Sidney M. Markley, and the defendant, Rosalie S. Markley, were married November 23, 1949 and subsequent thereto resided in New York City for a period of about five years. On February 9, 1954 a daughter, Lisa, was born to this marriage. In the latter part of 1954 the parties moved to Rye, New York, where they remained for about six years. In March 1961 they moved to Yardley, Bucks County, Pennsylvania, where they separated either in late June or early July, 1961, when the plaintiff packed his belongings and left their home. The plaintiff resides in Sunbury in this County, and the defendant and the minor child reside in Yardley. The plaintiff is presently 56 years of age, engaged in the motion picture business, is President of A. C. E. Films, Inc., who employ him under a written contract by the terms of which he is paid $1250.00 per week. He has an additional income of $4,000.00 per year. This contract with the film company began March 12, 1962 and is for a period of five years duration. His net income is between $25,000.00 and $30,000.00 per year, and his net worth between

$125,000.00 and $135,000.00. He provides a home for his wife and child in Yardley titled in his own name, which he purchased at a cost of about $26,000.00. The home is mortgaged and he pays the sum of $177.00 per month on account of the mortgage, which includes taxes and insurance. The separate estate of the defendant consists of U. S. Savings Bonds of the value of $700.00 at maturity, and dividends from stock in the amount of $165.00 annually".

The applicable legal principles are well settled. The purpose of a support order is to secure such an allowance to the wife and child as is reasonable, having in mind the husband's property and earning capacity and the station in life of the parties: *Commonwealth ex rel. Kallen v. Kallen,* 200 Pa. Superior Ct. 507, 190 A. 2d 175. In support cases the court below is the arbiter of the facts: *Commonwealth ex rel. Iezzi v. Iezzi,* 200 Pa. Superior Ct. 584, 190 A. 2d 334. No hard and fast rule can be enunciated which will apply in all cases: *Commonwealth ex rel. Taylor v. Taylor,* 193 Pa. Superior Ct. 519, 165 A. 2d 394. The appellate court will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115, 184 A. 2d 291.

In the instant case the court below took into consideration the fact that appellant and her daughter are living in a substantial home, completely furnished, on which appellee pays $2,124.00 annual carrying charges, that appellee has created a $15,000.00 trust fund for the daughter's future education, and has agreed to pay tuition and other charges for the daughter at private school, summer camp, dancing and piano lessons. The record discloses that the amounts awarded for maintenance of the wife and daughter coincide almost exactly with the total required, as established by the testimony. Moreover, the order below could not have been

so grossly inadequate as is now alleged, since appellant permitted this appeal to rest unargued for over two years, and then argued it only because her request for a further continuance was denied.

The principal complaint of present counsel for appellant is directed to the finding of the court below that appellee's net income after taxes and expenses is only $30,000.00 per year. Appellant's trial counsel had before him a copy of appellee's income tax return, and was afforded full opportunity to cross-examine with regard thereto. The effect of income tax upon the parties is a proper matter for consideration: *Commonwealth ex rel. Kallen v. Kallen,* 202 Pa. Superior Ct. 500, 198 A. 2d 331. There is nothing in the testimony which justifies any material question concerning appellee's estimate of his net income. In brief, we perceive no basis on this record for charging the lower court with an abuse of discretion.

Order affirmed.

HOFFMAN, J., dissents.