Peter, Appellant, *v.* Peter.

222

Argued June 15, 1966. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*James C. Lanshe,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., September 15, 1966:

On April 15, 1965, Emily A. Peter filed a complaint in divorce a.v.m. against her husband, Sterling H. Peter, on the grounds of (1) indignities to the person, and (2) impotency. Although he was personally served and caused an appearance to be entered on the record, the husband has not contested the action at any stage of the proceeding. After taking testimony at two hearings, the master filed a report on December 16, 1965, in which he recommended that a decree be entered on the first ground. On February 15, 1966, de-

-clining to accept the master's recommendation, the court below filed an opinion and decree dismissing the complaint. The wife has appealed.

The parties were married on March 12, 1960, and separated in the early part of April, 1965. At the time of the hearings the wife was twenty-five years of age and was employed as a secretary. The husband was thirty-two years of age and was employed as a crane operator. A principal cause of marital discord was the fact that, although the parties had normal sexual relations, the husband was incapable of fathering children.[1] This defect was suspected by the husband at the time of the marriage, but was not disclosed to the wife. At her insistence it was confirmed by medical examination. The wife was desirous of having a family but the husband was unwilling to adopt children. He withdrew from his wife, her relatives and friends. He rarely talked with his wife, did not take her out socially, did not participate in any of her activities, and showed her no love or affection. The husband's treatment of his wife was a constant course of conduct which affected her mental and physical health, rendered her frustrated and depressed, forced her to seek medical attention, and eventually caused her to withdraw from the common habitation.

The wife's testimony was uncontradicted and corroborated. The master believed it to be true. The court below does not suggest that it lacked credibility, but dismissed the complaint on the ground that it did not establish a course of conduct rendering the wife's condition intolerable and life burdensome. On the contrary, our review of this original record discloses that the love and affection upon which the marital status

---

[1] Sterility or incapacity to procreate is not an independent ground for divorce where it appears that the party complained against is capable of natural and complete copulation: *Wilson v. Wilson*, 126 Pa. Superior Ct. 423, 191 A. 666.

should rest was permanently replaced by hatred and estrangement. The sum effect of the husband's conduct was the exclusion of his spouse from the basic ties of matrimony. We are unanimously of the opinion that the wife did make out a case of indignities to the person, and that the recommendation of the master should have been adopted.

The applicable legal principles are well settled and need not be restated at length. The course of conduct amounting to such indignities as would justify a divorce is incapable of specific or exact definition, and each case must necessarily depend on its own facts: *Dearth v. Dearth,* 141 Pa. Superior Ct. 344, 15 A. 2d 37. See also *Giuffre v. Giuffre,* 187 Pa. Superior Ct. 154, 144 A. 2d 477, and cases therein cited. The case at bar is an illustration of the studied neglect which we discussed and held sufficient to sustain a decree in *Schware v. Schware,* 192 Pa. Superior Ct. 166, 159 A. 2d 568. See also *Gerenbeck v. Gerenbeck,* 199 Pa. Superior Ct. 410, 186 A. 2d 49; *Heyme v. Heyme,* 195 Pa. Superior Ct. 314, 171 A. 2d 827.

The decree dismissing the complaint is reversed, and the record is remanded to the court below with the direction that a final decree in divorce be entered.