Fodor, Appellant, v. Fodor.

Argued April 10, 1972. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Gilbert E. Morcroft,* for appellant.

*George J. Miller,* with him *Livingston & Miller,* for appellee.

OPINION BY HOFFMAN, J., June 16, 1972:

Appellant-wife brought this action for divorce *a mensa et thoro* from her husband. Appellee-husband counterclaimed for a divorce decree *a vinculo matrimonii.* Both parties claimed as grounds for their actions indignities to the person rendering "their condition intolerable and life burdensome." 23 P.S. §§10-11.

The lower court found that there were insufficient grounds to grant a divorce from bed and board to the appellant. Appellee-husband's counterclaim for an absolute divorce was granted, however. After careful examination of the record, we believe that neither party is entitled to a decree of divorce in this case, and that the lower court erred in granting the husband a divorce.

Indignities to the person "may consist of vulgarity, habitual humiliating treatment, intentional incivility, abusive language, malignant ridicule, and any other manifestation of settled hate and estrangement which is an affront to, and displays a lack of reverance for the personality of one's spouse. [citations omitted] The offense is complete when a continued and persistent course of conduct demonstrates that the love and affection upon which the matrimonial status rests has been permanently replaced by hatred and estrangement." *Griffie v. Griffie,* 220 Pa. Superior Ct. 461, 464, 289 A. 2d 198 (1972), citing *Boyer v. Boyer,* 183 Pa. Superior Ct. 260, 271, 130 A. 2d 265 (1957).

The lower court found that the following actions of the appellant-wife amounted to a course of conduct which rendered appellee's condition intolerable and life burdensome: (1) inflicting corporal punishment on the husband's children on several occasions, all but one of these occasions coming to the husband's attention after the separation, (2) making the husband borrow money to obtain custody of her children by another marriage, and (3) taking tranquilizers during the last week before the parties' separation. We cannot accept the finding of the lower court.

A valid divorce decree must be founded upon compelling reasons and upon clear and convincing testimony. *Markley v. Markley,* 207 Pa. Superior Ct. 294, 218 A. 2d 84 (1966). Under our existing laws a decree

of divorce is not warranted because the marriage has developed into an unhappy one, or because the parties might not be able to get along well together.[1] *Nichols v. Nichols*, 207 Pa. Superior Ct. 220, 217 A. 2d 807 (1966).

In the circumstances of the present case,[2] we cannot find that appellee has met his burden of showing indignities to his person under the applicable divorce statute. We agree with the lower court that appellant is not entitled to a divorce from bed and board because she has produced no evidence showing indignities to her person.

Therefore, we affirm the lower court's order denying appellant a divorce from bed and board and reverse the lower court's order granting a divorce decree to appellee-husband.

WATKINS, J., dissents.

---

[1] This is another case which illustrates the difficulty under which our legal system labors because of the refusal of the Pennsylvania Legislature to reform our domestic relations law. See *Gray v. Gray*, 220 Pa. Superior Ct. 143, 147 (n.4), 286 A. 2d 684 (1971), and *Griffie v. Griffie*, supra at 465 (n.3).

[2] It should further be noted that on three separate occasions appellee stated that he was happy with the marriage and that he wanted to reconcile with appellant.