210

375 A.2d 61

**Maurice K. HILLEGAS, Jr.**

v.

**Betty J. HILLEGAS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 21, 1975.

Decided June 29, 1977.

Herman M. Rodgers, Sharon, with him Rodgers, Marks & Perfilio, Sharon, for appellant.

Henry M. Ekker, Sharon, with him Cusick, Madden, Joyce, McKay & Associates, Sharon, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal in a divorce action by the wife-defendant, Betty J. Hillegas, from a decision by the Court of Common Pleas of Mercer County granting a divorce to the husband-plaintiff, Maurice K. Hillegas, Jr. The grounds upon which the divorce was based is "indignities".

Appellant claims that the testimony produced at the hearing was insufficient to establish grounds for a divorce because the only testimony produced by the husband was his own testimony and because his wife contradicted some of his testimony.

The husband testified as to a constant course of conduct perpetrated upon him by his wife beginning in January 1972, up to September 16, 1974, the date on which he filed his complaint. He testified that he had had a severe drinking problem, had joined Alcoholics' Anonymous, and had overcome his problem by January of 1972 but that his wife had called him names while they were alone and in front of other people, particularly their children, and that this embarrassed him. He testified that she constantly demeaned him by referring to their home as a "cracker box" in front of other people, that she otherwise ignored him, often refused to cook for him or the children and constantly refused his sexual advances. She would call him names such as "cheap bastard" and "son-of-a-bitch" and told him to leave their marital abode on a number of occasions. She struck him once or twice and has refused to attend various business outings with him. The appellee testified that although he

admittedly had had a severe drinking problem, since joining Alcoholics' Anonymous he had overcome the problem. He testified that he had always been a good provider for his family.

The wife testified that her husband grabbed her once when he was drinking, that he had ignored her sexually and that when drunk he was sloppy and irresponsible and difficult to live with. She further explained that she had refused to attend social gatherings with him because if he became drunk she was afraid of the "death defying ride home". (R. 69a) In general she testified about his actions when drinking and admitted building up resentment toward him because of his seven years (1965–1972) of heavy drinking.

The lower court clearly felt that this was a case where an unforgiving wife was unable to accept her husband because of his years of drinking even though he had reformed. We agree with this analysis. The court below had the opportunity to observe the demeanor of the parties and although our duty in these cases is to scrutinize the record independently we believe that the lower court's observations of the parties and his determination of credibility deserve some weight. After reviewing the entire record we find that the court below was correct in granting the divorce. See *Hanna v. Hanna,* 195 Pa.Super. 309, 171 A.2d 646 (1961).

Decree in divorce affirmed.

PRICE, J., files a dissenting opinion in which CERCONE, J., joins.

PRICE, Judge, dissenting:

I must dissent for in giving this matter de novo review, as we must, I repeatedly reach the conclusion that the acts complained of, even if accepted as wholly factual, do not rise to the level of indignities under the law of this Commonwealth.

Further, I do not believe appellee has met his burden of proof. It is certainly true that a divorce may be granted upon the uncorroborated testimony of the appellee unless that testimony is not only contradicted but also shaken by the appellant. *D'Alessandro v. D'Alessandro,* 187 Pa.Super. 194, 144 A.2d 445 (1959). This does not lessen the burden to be carried by appellee to make out by clear and satisfactory evidence a case upon which the court may confidently rest a decree. *Regan v. Regan,* 227 Pa.Super. 552, 322 A.2d 711 (1974); *Reddick v. Reddick,* 194 Pa.Super. 257, 166 A.2d 553 (1961). Appellee was required to prove his case by clear and satisfactory evidence which must be a preponderance in his favor. This I believe he has failed to do.

The course of conduct amounting to such indignities as would justify a divorce is incapable of specific or exact definition and each case must necessarily depend on its own facts. Again, accepting appellee's testimony as wholly factual, appellee has to my view, failed under those facts to establish a manifestation of a settled indifference and lack of love and affection which by its continuity rendered appellee's condition intolerable and life burdensome.

Further, after 23 years of married life, some of which were consumed by appellee's admitted severe problem with alcohol which in turn produced absolutely outrageous conduct on the part of appellee, I would be most reluctant on this record to join a conclusion that appellee was the innocent and injured spouse within the contemplation of the statute.

For each of these reasons, I would reverse the granting of the decree and dismiss the complaint in divorce.

CERCONE, J., joins in this opinion.