393 A.2d 1251

Edith M. HOWARD, Appellant,

v.

Harold L. HOWARD.

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided Nov. 14, 1978.

Merle G. Johnson, Port Allegany, for appellant.

Harold B. Fink, Jr., Coudersport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant, Edith M. Howard, filed an action for divorce, charging indignities against appellee, on March 29, 1976. On May 24, 1976, appellee filed an answer and counterclaim. At the August 3, 1976, hearing, appellant withdrew her complaint, and the hearing proceeded on appellee's counterclaim, with appellant contesting. As a result of the hearing, the lower court entered a decree a. v. m. on September 30, 1976. For the reasons set forth herein, we reverse the lower court's order and remand the case for another hearing.

During the hearing, appellee testified to being embarrassed in public and inhibited around others as the result of his wife's visible jealousy. Appellee also testified that his wife refused to visit with company that came to their home, and that when his parents visited, appellant retired to the bedroom and shut the door. He testified that they never invited friends to their home or were invited out by others because of his wife's unfriendliness. Appellee, Prothonotary

of the Court of Common Pleas of Potter County, testified that while his wife was employed in the same office, she said many embarrassing things to him at work. When she was no longer employed in that office, she telephoned, according to appellee's testimony, to check up on him. There were also financial disputes, according to appellee, concerning his purchase of clothes and a snowmobile.

Appellant denied most of the assertions made by appellee. She said that she did not embarrass her husband on the specific occasions he enumerated. She denied being unreceptive to visitors, and said that people often visited them in their home. Mrs. Howard denied making telephone calls to her husband's office to check up on him. She said financial tensions were attributable to her thriftiness and to her disapproval of appellee's unnecessary expenditures when her daughter needed clothes. Mrs. Howard testified that the jealousy of which appellee complained was caused by her husband's association with his secretary. She testified that appellee knew how much this relationship bothered her, and so he teased her concerning it.

In spite of the drastic conflicts in the spouses' testimony, the opinion of the court below makes no reference to credibility. It is well established that while an appellate court enjoys a broad scope of review in divorce cases, great weight must be accorded findings of the master or lower court judge who personally observed the parties. *Mintz v. Mintz*, 258 Pa.Super. 187, 392 A.2d 747 (1978); *Bristol v. Baranyi*, 259 Pa.Super. 418, 393 A.2d 897 (1978). The court below made no reference to any of the specific incidents brought out in testimony. The court said simply:

> "The Court is not wholly satisfied with the record of indignities in the instant case but it is nevertheless persuaded that the wife's behavior created a strained and distant relationship wherein constructive communication ceased and continued coexistence under the same roof became impossible, giving rise to the husband's departure.

The record, while reflecting the wife's assertion of her continued willingness to attempt to re-establish a normal marital relationship is balanced by the husband's flat assertion of alienation and the impossibility of achieving this end. The Court is persuaded that to deny the husband's divorce would be to ignore the already accomplished fact that the marriage as such has ceased to be a viable relationship and that to attempt to protract it would only exacerbate an irretrievable situation."

The opinion of the court below, therefore, not only does not inform this court of the lower court's credibility findings, but fails to include a finding of an innocent and injured spouse, a prerequisite for entitlement to a divorce based upon indignities.[1] In fact, the lower court appears to have granted the divorce in this case, not upon the ground alleged, indignities, but rather upon its opinion that the marriage has ceased to be a "viable relationship," and that the marriage was a "strained and distant relationship wherein constructive communication ceased and continued coexistence under the same roof became impossible." Such a conclusion does not meet the requisites for a divorce based upon indignities. A decree of divorce is not warranted because the marriage is no longer a happy one or because the parties no longer get along well together. *Fodor v. Fodor*, 221 Pa.Super. 321, 292 A.2d 485 (1972). Rather, a plaintiff must establish a course of conduct on the part of the defendant which would render the condition of life intolerable by evidence from which an inference of settled hate and estrangement can be deduced. The plaintiff must also show himself to be the injured and innocent spouse. *Regan v. Regan*, 227 Pa.Super. 552, 322 A.2d 711 (1974).

In the instant case, no findings of fact were made, no finding of settled hate or estrangement was arrived at, and no findings of credibility were made. If findings of credibility were before us, we might apply the correct legal standard ourselves, by virtue of our broad scope of review. Under the circumstances presented, however, we must re-

1. The Act of May 2, 1929, P.L. 1237, § 10(1)(f) [23 P.S. § 10(1)(f)].

verse the lower court and remand the case for a new hearing. Although we find no prejudice appearing from the present state of the record, we do not think it wise for the proceeding to be presided over by a common pleas judge from the same county in which Mr. Howard is prothonotary. Although no bias or impropriety would necessarily result if a judge of the same county heard this case, the possibility or appearance thereof mandates that on remand this case be heard by a judge from outside of Potter County.

The order of the lower court is reversed and the case is remanded for proceedings consistent with this opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.