## Miln *v.* Miln, Appellant.

614

Argued March 22, 1954.   Before HIRT, ROSS, GUN-
THER, WRIGHT, WOODSIDE and ERVIN, JJ.

*W. Glenn George*, for appellant.

*Marvin Comisky*, with him *Lemuel B. Schofield* and
*John S. Reynolds*, for appellee.

OPINION BY ROSS, J., July 13, 1954:

After the parties to this divorce action were married on June 15, 1946, they resided together in Drexel Hill, Delaware County, until July 17, 1952, when the plaintiff husband moved to an apartment in Philadelphia. Five days later he filed the instant complaint in divorce alleging indignities. The case was referred to a master who, after several hearings, recommended that a divorce be granted. Defendant's exceptions to the master's report were dismissed by the court below and a decree in divorce a.v.m. entered, and the defendant took this appeal.

The defendant first contends that the plaintiff did not meet the venue requirement of Pa. R. C. P. 1122, which provides that the action be brought in, and only in, the county in which the plaintiff or the defendant resides. We agree with the learned court below that this contention "can be disposed of without extended discussion". The plaintiff testified that when he filed his complaint he was domiciled in Philadelphia. The defendant's testimony, if accepted, might support a conclusion that he was still a resident of Delaware County. However, this issue of fact was resolved in the plaintiff's favor by the master, and like the learned court below, we see no reason for reaching a different conclusion. Moreover, on the record before us, it might very well be held that the defendant had waived her right to raise the question of venue. See *Chasman v. Chasman,* 161 Pa. Superior Ct. 77, 53 A. 2d 876.

To support his charge of indignities the plaintiff testified that the defendant made against him repeated unfounded charges of infidelity; that she accused him of having illicit relations with his step-daughter and that she called him vile and opprobrious names, and that these and similar charges of misconduct were made "constantly", when others were present as well as when the parties were alone. He denied that defendant had any ground upon which to base her accusations of infidelity.

Although the defendant denied that on a number of specific occasions testified to by the husband she accused him of infidelity, she did admit that "from time to time", in the presence of her mother and aunt, she did accuse him of infidelity. She first denied making any accusations with respect to the step-daughter but later admitted discussing plaintiff's "relations" with his step-daughter by a previous marriage with a couple "indirectly related" to the girl's mother.

It is, of course, well settled that continuous unfounded accusations of infidelity when accompanied by other degrading or humiliating conduct, persisted in for a sufficient length of time, make out a case of indignities. *Turner v. Turner,* 171 Pa. Superior Ct. 519, 89 A. 2d 893; *Horton v. Horton,* 170 Pa. Superior Ct. 209, 85 A. 2d 602. Equally well settled, however, is the proposition that charges of infidelity, though false, do not constitute indignities if the defendant's suspicions were "reasonably aroused". *Coon v. Coon,* 173 Pa. Superior Ct. 60, 64, 95 A. 2d 344; *Freedman on Divorce,* vol. 1, sec. 315, pages 754-755.

Defendant testified to having seen lipstick smears on plaintiff on "numerous occasions" when he returned home in the afternoon. She alleged that he admitted to her that he "had two or three other women". She also related on the witness stand details of the contents of a telephone call which she received at the home of the parties "around midnight" sometime in August 1950. The woman caller asked to speak to plaintiff, and upon being informed that defendant was his wife expressed surprise that he was married inasmuch as plaintiff had told her he was living there with his stepdaughter. The woman then told defendant that plaintiff had been seeing her for two years, that he had been picking her up after work and driving her home; that they had known each other for five years before but had discontinued their association for two years until two years before the time of the call. She then admitted intimacy with plaintiff and apologized to defendant for having telephoned now that she learned he was married, and told defendant she felt "awfully sorry for" her. Clearly if this testimony is accepted as true, defendant has brought herself within the rule of justification for her suspicions and her accusations of infidelity do not amount to indignities. It is ap-

parent, therefore, that our decision depends upon our appraisal of credibility.

The master's finding with respect to credibility is direct and unequivocal. He found defendant's demeanor on the witness stand "flippant", and her answers "not candid", "argumentative" and "evasive". He observed that when confronted with "written documents" inconsistent with testimony previously given by her she "blanched and was visibly disturbed".

The report of the master in the instant case reveals a careful and competent analysis of the testimony. We have, as it is our obligation to do, made an independent examination of the record and after applying the tests of veracity enumerated in *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371, we, like the learned court below, can find no reason to question the master's finding with respect to credibility.

The plaintiff was the only witness on his own behalf with respect to the alleged indignities suffered by him. However, a divorce may be granted upon the uncorroborated testimony of the plaintiff (*Macormac v. Macormac,* 159 Pa. Superior Ct. 378, 48 A. 2d 136) unless that testimony is not only contradicted but shaken by the defendant. *Anderson v. Anderson,* 172 Pa. Superior Ct. 527, 94 A. 2d 104; *Megoulas v. Megoulas,* 166 Pa. Superior Ct. 510, 72 A. 2d 598; *Jones v. Jones,* 160 Pa. Superior Ct. 358, 51 A. 2d 521. Here the record reveals that plaintiff's testimony not only is not "shaken" by the defendant but, in several important particulars, is strengthened by her testimony.

With the issue of credibility resolved in his favor, plaintiff's right to a divorce on the ground of indignities is established. There is in the present case evidence of continuous unfounded accusations of infidelity made without apparent basis and these accusations were

618

accompanied by other degrading and humiliating conduct.

Decree affirmed.