## Taddigs, Appellant, *v.* Taddigs.

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Maurice H. Goldstein,* for appellant.

*William J. Graham,* with him *Morris B. Greenberg,* for appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

This is an appeal from an order sustaining exceptions of the defendant-appellee to the master's report and refusing a divorce a.v.m.

Appellant, Carl F. Taddigs, instituted this action in divorce on the grounds of indignities to the person. A master was appointed, who, after hearing the testimony, filed a master's report recommending that the divorce be granted. The appellee filed exceptions to the master's report and also filed a petition to open the proceeding for after-discovered evidence. The court below did not consider the "after-discovered evidence", a letter from a member of the minor judiciary in the State of New York to the appellant, for the reason that this letter standing alone was inadmissible as evidence. The lower court therefore treated this case as coming before them upon the exceptions to the master's report.

The parties were married on April 14, 1934, in Orange, New Jersey, and one child, a son, was born to them, who, at the time of the hearing was twenty-

five years of age, unmarried, unemployed, and residing with his mother.

Since their marriage the parties lived in Orange for six years and then in Elmira, New York, for twelve years. In 1952 they moved to Pittsburgh where they resided together continuously until December 11, 1957.

At the hearing the appellant testified that during the course of his marriage, and more specifically during the last twelve years of their cohabitation, the appellee's conduct was such as to amount to indignities to the person in that she denied the appellant her affection and refused to have sexual relations with him, except on five occasions in the twelve years prior to the commencement of the divorce action. She did not keep the house clean and did not usually cook for the appellant, although she did cook for herself and their son. She, on various occasions, threw telephone books at the appellant, pushed over tables and scattered pots, pans, flour and recipe books on the floor of the appellant's business establishment, a bakery. She frequently played the radio and phonograph very loud, sometimes in the middle of the night, in order to disturb appellant's rest. She created scenes and destroyed property in appellant's place of business and insulted his customers. She humiliated the appellant over a period of about a year by throwing used sanitary napkins from their second floor apartment window in the presence of others when they lived in Elmira.

Because of the high volume with which she persisted in playing the radio, the appellant, a part-time teacher and student at the University of Pittsburgh, found it impossible to study in their home and went to the home of one Salay, a fellow student, in order to study. Appellee would call Salay's wife and insist that the appellant was not interested in studying, but, rather, in Salay's wife.

Appellant further stated that the appellee refused to go to any social affairs with him or to be seen in public with him, and that she was rude to his friends and professional associates. When the appellant attempted to reason with her, she would reply, "You go to the devil." He also testified that appellee was a spendthrift, buying coats and fancy dresses which she never wore, and one day buying thirty pairs of shoes for the sole purpose of showing off, all of which was beyond his means.

The appellee, in her testimony denied specifically that any and all of the alleged incidents occurred. She testified that the difficulty in their sexual relations was due to acts of perversion on the part of the appellant. She denied that she was a slovenly housekeeper and stated that she did all her own housework and that she did cook for the appellant, but that on several occasions he cooked steak for himself and gave her no money for groceries. She further stated that she spent less than $100 a year on clothing, and denied ever owning thirty pairs of shoes. On cross-examination she admitted telephoning the Salay home to find out whether or not her husband was coming home, as he often stayed there until the early hours of the morning.

The appellant was corroborated as to some minor instances by three witnesses, none of whom were very familiar with either the appellee or the home life of the parties. It was shown upon cross-examination that one of the witnesses was in debt to the appellant.

The son corroborated all of the appellee's testimony of which he had any knowledge, and further testified that the appellant had a wild temper, abused him, slapped his face, and struck the appellee on many occasions.

Where an action for divorce comes before the Superior Court upon appeal, the master's report, in which he states that he was favorably impressed by the tes-

timony of one party and found the other party's testimony unconvincing and unworthy of belief, while worthy of the fullest consideration, does not control the Superior Court's appraisal of the weight and credibility of the evidence. *Fitelson v. Fitelson,* 189 Pa. Superior Ct. 366, 150 A. 2d 389. Particularly in cases where the lower court has found it necessary to disagree with the conclusions and recommendations of the master, it is incumbent upon us to examine carefully the testimony and base our conclusion upon our own independent judgment. We have studied the conflicting testimony of the parties and their respective witnesses and agree with the court below that the record fails to show that the appellant has sustained the burden of proof to warrant the granting of a decree in divorce on the grounds of indignities to the person.

In a proceeding for divorce on these grounds, the burden is on the plaintiff to make out a case by clear and satisfactory evidence, a case upon which the court may confidently rest a decree. *Reddick v. Reddick,* 194 Pa. Superior Ct. 257, 166 A. 2d 553; *Dello Buono v. Dello Buono,* 193 Pa. Superior Ct. 118, 163 A. 2d 662. While the plaintiff is required to prove his case only by clear and satisfactory evidence, there must be a preponderance of the evidence in his favor. *Davidson v. Davidson,* 191 Pa. Superior Ct. 305, 156 A. 2d 549. A divorce action may be sustained upon the testimony of the plaintiff alone, but where such testimony is contradicted and shaken by the defendant, there must be convincing circumstances which warrant disregard of the defendant's evidence. *D'Alessandro v. D'Alessandro,* 187 Pa. Superior Ct. 194, 144 A. 2d 445. The plaintiff must not only establish a course of conduct on the part of the defendant as to render the condition of his life intolerable by evidence from which an inference of settled hatred and estrangement can be deduced, but he must also show that he was the inno-

34

cent and injured spouse within the contemplation of the statute. *Faszczewski v. Faszczewski,* 182 Pa. Superior Ct. 295, 126 A. 2d 773; *Vergoni v. Vergoni,* 175 Pa. Superior Ct. 522, 107 A. 2d 144.

A thorough review of the record has failed to show that the appellant has met this burden. As pointed out by the lower court, the testimony of the appellant is not clear and convincing, for during the time of the alleged indignities the family took several vacation trips, and it does not seem likely that the appellant would have planned and participated in these if the course of conduct on the part of the appellee was such as to render his condition intolerable and his life burdensome. In his own testimony, appellant stated that the wife and son irritated him and he became excited. He also admitted striking the son. His over-all testimony was very general, repeating various isolated instances without dates or particulars and mostly without corroboration. Testimony which proves merely an unhappy union, the parties being high-strung temperamentally and unsuited to each other, and neither being wholly innocent of the causes which resulted in the failure of their marriage, is insufficient to sustain a decree for divorce on grounds of indignities to the person.

Order affirmed.