## Murphy, Appellant, v. Murphy.

Argued November 13, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George H. Ross,* for appellant.

*Howard William Murphy,* appellee, in propria persona, submitted a brief.

OPINION BY MONTGOMERY, J., December 16, 1964:

A divorce a.v.m. was refused by the trial judge in this case for the reason that wife-appellant was not an innocent and injured spouse. Although it was established that husband-appellee had been sentenced to imprisonment for more than two years for the crime of armed robbery, the lower court found as a fact that the wife was not innocent "because she knew of defendant's criminal associations and activities, and because she helped him conceal and dispose of the booty derived from his enterprises. Specifically, she helped him wrap stolen coins and aided in the concealment of $6,000 in cash which defendant left in her apartment."

Section 10 of The Divorce Law, Act of May 2, 1929, P. L. 1237, §10, 23 P.S. 10, provides that "it shall be lawful for the *innocent and injured spouse* to obtain a divorce . . . whenever it shall be judged, . . . that the other spouse . . . (h) Shall have been convicted, as principal or as accessory either before or after the fact, . . . of the crime of . . . burglary, . . . larceny, . . . robbery, . . . and be sentenced to imprisonment for any term of two years or more. . . ." (Emphasis supplied) Although no decision holds specifically that the re-

quirement of an innocent and injured status for the one seeking the divorce is applicable when the cause is as stated in said subparagraph (h), we think that the statute is clear that proof of such status is required. Freedman, Law of Marriage and Divorce in Pennsylvania, 2d Ed., §393, is in accord.

In *Berezin v. Berezin,* 186 Pa. Superior Ct. 340, 344, 142 A. 2d 741, 743 (1958), we approved the language of President Judge RHODES in *Anthony v. Anthony,* 160 Pa. Superior Ct. 18, 20, 49 A. 2d 877, 878 (1946), as follows: "In order to determine whether a particular libellant is an 'innocent and injured spouse,' the court must not only examine and weigh the evidence relating to the many complex factual situations which make up the total picture of marital conduct, but it must evaluate this evidence with relation to the defenses available to the respondent in connection with the particular grounds for divorce relied upon by the libellant."

Section 10 of The Divorce Law, in requiring a plaintiff to be "innocent" as well as "injured" does not mean wholly free from all fault, *Margolis v. Margolis,* 201 Pa. Superior Ct. 129, 192 A. 2d 228 (1963), but it does mean that where both parties are nearly equally at fault so that neither can clearly be said to be "the innocent and injured spouse" the law will grant a divorce to neither, *Shoemaker v. Shoemaker,* 199 Pa. Superior Ct. 61, 184 A. 2d 282 (1962); *Jones v. Jones,* 189 Pa. Superior Ct. 461, 151 A. 2d 643 (1959); and a plaintiff may be held derelict and may be denied relief because of conduct falling short of grounds for divorce. *Newman v. Newman,* 170 Pa. Superior Ct. 238, 85 A. 2d 613 (1952).

Our duty and responsibility is to examine the evidence de novo and to arrive at an independent conclusion as to where the truth lies and whether a legal cause of divorce exists. *Goldfine v. Goldfine,* 201 Pa.

Superior Ct. 462, 193 A. 2d 695 (1963). Our review of that evidence leads us to the following finding of facts:

The parties were married on September 15, 1958, at Pittsburgh, Pennsylvania, and two children were born of the union. On May 25, 1961, husband-appellee was sentenced by the Court of Oyer and Terminer of Allegheny County on charges of burglary and armed robbery to a total term of not less than four and one-half years to not more than ten years, after pleading guilty to said charges. These offenses were committed during the period following his marriage to appellant; and, although they had separated and lived apart for a period of time, they were living together at the time of his arrest. Appellant knew of her husband's criminal activities, permitted him to secrete in her apartment, occupied during the period of their separation, part of the money stolen by him, wrapped stolen money into rolls, accepted from him and spent part of the stolen money, destroyed incriminating evidence, and associated with friends of her husband knowing that they had criminal records.

If this were an action based on the charge of adultery, the conduct of appellant might constitute the statutory defense of "connivance," the corrupt assent of one party to the commission of the acts of the other; "recrimination," the commission of like crimes; or "condonation," the blotting out of the offense by the resumption of the marital status after knowing of the forbidden act. However, those defenses by statute, 23 P.S. 52, generally have been limited to actions of divorce based on the grounds of adultery although in a few instances they have been recognized in related charges. Ristine v. Ristine, 4 Rawle 460 (1834); Freedman, Law of Marriage and Divorce in Pennsylvania, 2d Ed., §392. We have found no recognition of those defenses in cases such as under present consideration.

Therefore, this case must be decided solely on the issue of whether appellant is an innocent and injured spouse. Nevertheless, the evidence which might establish the statutory defenses in cases of adultery may be considered as having some probative value in determining whether the persons seeking a divorce have met their burden of proof. A party who charges fraud is not an innocent and injured spouse if the fraud was known to him at the time, *Todd v. Todd,* 149 Pa. 60, 24 A. 128 (1892), or if he ratifies the fraud or duress, 23 P.S. §10, 1(g). One who encourages or consents to a desertion cannot maintain a suit, *Totino v. Totino,* 176 Pa. Superior Ct. 108, 106 A. 2d 881 (1954); *Price v. Price,* 83 Pa. Superior Ct. 446 (1924); and one who provokes retaliation cannot subsequently charge cruelty or indignities. *Albrecht v. Albrecht,* 176 Pa. Superior Ct. 626, 109 A. 2d 209 (1954); *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836 (1954).

Without prolonging this discussion, we conclude that the lower court properly decided this case. Appellant participated, condoned, and encouraged her husband in the commission of the acts for which he was sentenced. She was not blameless and appears nearly equally at fault. There is no cause to apply any doctrine of comparative rectitude.

Order affirmed.

WOODSIDE, J., dissents.