## Shank v. Shank

*Lloyd L. Shank*, exceptant, p. p.
*Arnold, Bricker, Beyer and Barnes*, contra.

JOHNSTONE, J., November 3, 1967.—Exceptions have been filed by defendant to the master's report and recommendation that a decree of divorce be granted on the ground of conviction of a crime. Argument on the exceptions was heard by the court sitting en banc and the case is now before us for final disposition.

Two causes for divorce were averred in the complaint: indignities to the person and conviction of the crime of rape. Testimony was introduced only on the

charge of conviction of the crime of rape, and that was the only ground considered by the master.

The record discloses by the testimony of plaintiff and the deputy clerk of the court of quarter sessions that defendant was on June 24, 1965, convicted by a jury of the crime of rape and on the same day was sentenced to pay a fine of $100 and the costs of prosecution and to undergo imprisonment in the State Correctional Institution at Philadelphia for a term of not less than three years nor more than six years. Defendant is presently serving his sentence at the State Correctional Institution at Huntingdon, having been transferred to that institution from the Eastern Correctional Diagnostic and Classification Center.

The facts testified to by the witnesses and found to be facts by the master are ample to support a decree of divorce under the provisions of the Act of May 2, 1929, P.L. 1237, as amended, sec. 10 (h), 23 PS §10-(h), which reads as follows:

"When a marriage has been heretofore or shall hereafter be contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: . . .

"(h) Shall have been convicted, as principal or as accessory either before or after the fact, within or without this Commonwealth, of the crime of arson, burglary, embezzlement, forgery, kidnapping, larceny, murder either in the first or second degree, assault with intent to kill, voluntary manslaughter, perjury, rape, robbery, sodomy, buggery, pandering, treason or misprision of treason, and be sentenced to imprisonment for any term of two years or more by a competent court having jurisdiction".

The exceptions filed by defendant are wholly without merit. It is obvious that defendant has confused

his rights in this civil action with the extensive rights granted to those accused or convicted of a crime. There is no right in a civil action to proceed in forma pauperis or to have free counsel appointed or to be transported at public expense from a correctional institution to a distant place to testify, particularly when defendant could have no conceivable defense to the action.

Defendant claims plaintiff condoned his crime by having sexual relations with him after he had been charged with the crime of rape. At the time the alleged intercourse occurred, defendant had merely been accused and was, therefore, innocent until he was proven guilty. From the moment defendant was found guilty he was in custody and has been ever since. There is no intimation that any sexual relations occurred after the defendant was convicted of rape. The case of Murphy v. Murphy, 204 Pa. Superior Ct. 576, does not control the present case and lends no support to defendant's claim of condonation by plaintiff of the crime of which he was convicted.

The contention that the section of the Divorce Law involved here is unconstitutional deserves no more than passing attention. The claims that this section is class legislation and places defendant in double jeopardy are nothing more than the figment of a lively but uneducated imagination.

Defendant received a sentence in excess of two years for an enumerated crime of which he was convicted. This clearly entitles plaintiff to a decree of divorce.

And now, November 3, 1967, the exceptions filed by defendant to the master's report and recommendation are dismissed and upon receipt from the prothonotary of a certificate that all costs have been paid, a decree of divorce a vinculo matrimonii will be entered.