Eifert v. Eifert, Appellant.

Argued June 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Hervey B. Smith,* with him *Smith, Eves and Keller,* for appellant.

*Franklin E. Kepner,* for appellee.

OPINION BY SPAULDING, J., September 21, 1971:

Appellant Geraldine Eifert appeals from a decree of the Court of Common Pleas of Columbia County overruling the findings of a Master and awarding appellee Elmer Eifert a final decree in divorce a.v.m.

Appellee instituted this action pursuant to Section 10 of The Divorce Law of 1929.[1] Appellee contends that he is entitled to a divorce because of indignities suf-

___

[1] ". . . [I]t shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse:

. . .

(f) shall have offered such indignities to the person of the innocent and injured spouse, as to render his or her condition intolerable and life burdensome." The Divorce Law of 1929, P. L. 1237, Section 10, as amended, 23 P.S. 10.

fered when appellant became intoxicated. From the record, it appears that the couple's sole source of entertainment was weekend visits to local taprooms. These visits occurred practically every Friday and Saturday night for some eight years and on many of these occasions appellant would become inebriated and subject appellee to verbal abuse.

Appellant concedes that she is a heavy drinker, but nevertheless contends that appellee is not an "innocent and injured spouse" as he was in part responsible for her condition in that he continually took her to places where the only thing one could do was drink.

The Master found against appellee, stating that he was not an "innocent and injured spouse" as required under the statute. The lower court, however, found that the parties "were not equally at fault" and granted appellee the divorce.[2]

It is our duty to make an independent study of the case. *DeMedio v. DeMedio*, 215 Pa. Superior Ct. 255, 260, 257 A. 2d 290, 294 (1969), aff'd per curiam, 437 Pa. 579, 260 A. 2d 738 (1970). After a careful review of the record and an examination of the relevant authority, we are compelled to agree with the findings of the Master.

[2] In reaching its decision the court also applied the doctrine of "comparative rectitude" which can be defined as the principle "that where both parties are guilty of misconduct for which a divorce may be granted, the Court will grant a divorce to the one who is less at fault." 24 Am. Jur. 2d D. & S., Sec. 228. We cannot find any Pennsylvania decision which accepts this doctrine, nor has the appellee cited any. Implicitly, it seems to be rejected in cases such as *Murphy v. Murphy*, 204 Pa. Superior Ct. 576, 205 A. 2d 647 (1964). ("A plaintiff . . . may be denied relief because of conduct falling short of grounds for divorce.") A better statement of the law in Pennsylvania is that Section 10, in requiring a plaintiff to be "innocent" as well as "injured" does not mean that he has to be wholly free from all fault. See, e.g., *Murphy v. Murphy*, supra.

This case is governed by *Hunter v. Hunter*, 169 Pa. Superior Ct. 498, 83 A. 2d 401 (1951) and *Othmer v. Othmer*, 158 Pa. Superior Ct. 384, 45 A. 2d 389 (1946). In both of these cases a husband was denied a divorce because he not only made no effort to control his wife's drinking habits but actually encouraged them and therefore was not an "innocent and injured spouse". The only evidence in the record that could establish that appellee made any attempt to help his wife with her problem was a general statement that he had "tried everything" to make her stop. This is quite a difficult proposition to accept since it was uncontradicted that their sole weekend entertainment for years was drinking,[3] that appellee drank quite heavily himself, and that he would often take her out to the car after she had become intoxicated and leave her there regardless of the weather and her condition while he returned to drink. It appears that appellant did little drinking when she was not in these public places. In addition, there is evidence that appellee was involved with another woman before the parties separated. In light of the record and the applicable cases, we agree with the Master that appellee is not an "innocent and injured spouse."

The decree of the court below is reversed and the divorce vacated.

WATKINS and JACOBS, JJ., dissent.

[3] Appellant does not know how to drive so she was dependent upon appellee for transportation.