Commonwealth ex rel. Eifert, Appellant, v. Eifert.

Argued September 11, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Hervey B. Smith,* with him *Smith, Eves and Keller,* for appellant.

*Franklin E. Kepner,* for appellee.

OPINION BY WATKINS, J., November 16, 1973:

This is an appeal from an order of the Court of Common Pleas of Columbia County denying support to the wife-appellant, Geraldine Eifert, from her husband-appellee, Elmer Eifert.

The parties were before us in a divorce action when we vacated a divorce decree granted by the court below to the husband on the ground of indignities. The divorce was vacated for the reason that her drinking misconduct was encouraged and contributed to by the husband and because he was not an injured and innocent spouse. *Eifert v. Eifert,* 219 Pa. Superior Ct. 373, 281 A. 2d 657 (1971).

The parties were married on April 21, 1945, and have two emancipated children. They lived together until June, 1966, when the husband left their common home and never returned. He has lived with his paramour ever since. He has never contributed to the support of his wife, who is unemployed and unable to work because of poor health. She had no income and has been maintained by her son. The husband is a carpenter earning $4.00 per hour or approximately $130.00 per week.

This action was brought by the wife under the Act of 1939, June 24, P. L. 872, §733, as amended, 18 P.S.

4733. This Act was repealed by the Act of 1972, December 6, effective six months from that date so that the section was in effect on the date of the hearing, March 28, 1973.

At the hearing, the record discloses that only the husband's earnings and the wife's needs were shown. There was no evidence of the wife's misconduct at the hearing so that the court below in reaching its conclusions must have relied on the testimony taken in the Masters Hearing in the divorce action.

However, we shall not decide this case on that basis because even if the evidence contained in the Master's report of the wife's misconduct was introduced, this misconduct was not sufficient to sustain a divorce decree as decided by this Court in *Eifert v. Eifert*, supra. This Court vacated the divorce action on the grounds: (1) that the drinking misconduct of the wife was encouraged and contributed to by the husband; (2) he was not an injured and innocent spouse and there was no finding by this Court that she had committed acts which would entitle her husband to a divorce on the ground of indignities.

There is no doubt that a wife may by her conduct forfeit her right to claim support from her husband. This conduct on the part of the wife must be such as would be a valid ground for divorce. *Commonwealth ex rel. Keeth v. Keeth*, 223 Pa. Superior Ct. 96, 289 A. 2d 732 (1972). However, our case is unique in that this Court has already found that her conduct did not rise that high in the face of her husband's misconduct.

In *Commonwealth ex rel. Brobst v. Brobst*, 173 Pa. Superior Ct. 171, 175, 96 A. 2d 194 (1953), we held: "We are not to be understood as holding that where both parties have been guilty of misconduct, that the misconduct of the wife shall be an absolute bar to support proceedings. . . ."

The order of the court below is reversed and the case remanded to the court below for the determination of the amount and the entry of an order of support.