Sells, Appellant, *v.* Sells.

Argued March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bonnie D. Menaker,* with her *Hepford, Zimmerman & Swartz,* for appellant.

*Michael Sedor,* for appellee.

OPINION BY CERCONE, J., June 21, 1974:

Husband, Robert M. Sells, appeals from an order of the Court of Common Pleas of Dauphin County, which overruled the findings of a Master and dismissed husband's complaint in divorce. Husband brought the action pursuant to Section 10 of the Divorce Law of 1929[1] claiming that the divorce should be granted on grounds of indignities to his person by his wife rendering his condition intolerable and life burdensome.[2] It is the duty of this court, on appeal, to make an independent study of the evidence and determine whether a legal cause of action for divorce exists. *Gray v. Gray,* 220 Pa. Superior Ct. 143, 286 A. 2d 684 (1971); *Eifert v. Eifert,* 219 Pa. Superior Ct. 373, 281 A. 2d 657 (1971). While the Master's findings of fact and recommenda-

---

[1] The Divorce Law of 1929, Act of May 2, 1929, P. L. 1237, §10, 23 P.S. §10.

[2] 23 P.S. §10 provides in relevant part: "1. [I]t shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse . . . (f) Shall have offered such indignities to the person of the injured and innocent spouse, as to render his or her condition intolerable and life burdensome. . . ."

tions that a divorce be granted are only advisory where the issue is one of credibility and the Master is the one who heard and observed the witness, his findings should be given the fullest consideration. *Green v. Green,* 182 Pa. Superior Ct. 287, 126 A. 2d 477 (1956).

The husband and wife were married on June 14, 1952. The marriage was the second for both parties with the husband having a child by his previous marriage. Twelve years after their marriage the husband instituted an action in divorce. This 1964 action was discontinued, however, in September of 1965. Then, in 1966, the wife instituted an action for divorce a mensa et thoro and such a decree was granted. Subsequently in November of 1966 the parties reconciled and the decree a mensa et thoro was vacated. In 1970 the husband [appellant] commenced this action in Dauphin County. The wife contested the action.

Husband raises three questions for our determination on appeal:

1. Did the trial court abuse its discretion in overruling the report of the Master and dismissing husband's complaint in divorce?

2. Was the wife guilty of such indignities to the person of the husband as to render his condition intolerable and his life burdensome?

3. Is the husband an injured and innocent spouse?

After careful review of both the Master's report and court findings, we must agree with the husband that the trial court below erred in dismissing the action in that there was sufficient evidence from which to find a cause for indignities to the person of an innocent and injured spouse.

We turn first to the question of whether the wife was guilty of indignities. As we stated in *Margolis v. Margolis,* 201 Pa. Superior Ct. 129, 133, 192 A. 2d 228 (1963): "No general rule can be formulated as to what constitutes indignities in a particular case; such mat-

ters depend upon all the circumstances of the particular case. . . ." With this general standard in mind an examination of husband's contentions, although admittedly disputed by the wife are supportive of a claim based on indignities. Among the complaints of the husband were that his wife pushed an ice pick into his lip, kept two butcher knives under her sofa, threatened his life; refused to go places with him, drank alcoholic beverages and became unruly, consistently used abusive language, sold or destroyed several items of personal property which the husband purchased for the common household, refused to cook or wash for him over a long period of time, on several occasions stayed out very late at night until approximately 5:00 and 6:00 in the morning without telling husband where she had been and saying that it was none of his business, went to the company parking lot where the husband's car was parked and sawed the tires with a hacksaw, told husband that she didn't love him from the beginning and that she didn't know why she ever married him, told husband to leave their home and "to get the hell out and stay the hell out," and refused to have sexual relations with the husband and would call him obscene names when he requested such relations. Admittedly there is no strict test to determine the presence of indignities but certain activity has been held to be sufficient to establish sufficient indignities. In *McKrell v. McKrell*, 352 Pa. 173, 42 A. 2d 609 (1945) the Supreme Court did point out certain conduct to which a court might look to see if indignities were present. "Indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule and any other plain manifestation of settled hate and estrangement." The indignities of which husband complained fit within the *McKrell* definition.

There was also testimony that the wife believed that her husband was unfaithful. There was no substantiation of this charge by other testimony and nothing to lead the Master or trial judge to find it to be true. In *Anderson v. Anderson,* 172 Pa. Superior Ct. 527, 94 A. 2d 104 (1953), the court held "that continuous unfounded accusations of infidelity [as in the case at bar] when accompanied by other degrading or humiliating conduct, persisted in for a sufficient length of time, make out a case of indignities." The husband's case falls within *Anderson* as well as *McKrell* and he has therefore established sufficient indignities on these grounds to justify a decree in his favor.

The next contention of husband is that he falls within the statutory requirement that he be an injured and innocent spouse.[3] Although the lower court states in its opinion that the husband "cursed his wife, pulled her, threw an ashtray at her, pulled her down, and threw her out of the house," the findings of fact by the Master, who heard the evidence and observed the witnesses and who was in a better position to determine credibility of husband and wife, found overwhelmingly that the conduct of the wife was so predominately destructive to the marital relationship in its many and varied instances of indignities, that in totality the husband's indiscretions were considered by the Master to be minimal as contrasted to the prolonged and extreme conduct displayed by the wife. *Gray v. Gray,* supra, sets forth the principle that the requirements of innocence and injury do not mean that the plaintiff need be wholly free from fault. See *Eifert v. Eifert,* supra; *Murphy v. Murphy,* 204 Pa. Superior Ct. 576, 205 A. 2d 647 (1964); *Jonash v. Jonash,* 199 Pa. Superior Ct. 647,

---

[3] 23 P.S. §10 (1929): "Shall have offered such indignities to the person of the injured and innocent spouse. . . ." (Emphasis added).

186 A. 2d 666 (1962); *Margolis v. Margolis,* supra. We have consistently held that party should not be denied a divorce merely because he or she is not entirely without fault: *Faszczewski v. Faszczewski,* 182 Pa. Superior Ct. 295, 126 A. 2d 773 (1956); *Green v. Green,* 182 Pa. Superior Ct. 287, 126 A. 2d 477 (1956); *Rech v. Rech,* 176 Pa. Superior Ct. 401, 107 A. 2d 601 (1954).

In giving full consideration, as we must, to the Master's findings of fact and conclusions of law we agree with his recommendation that the husband be granted a divorce on the grounds that he was the innocent and injured spouse and a victim of his wife's conduct and acts constituting indignities to his person.

Accordingly, the order of the court below is reversed and a decree of divorce for the husband is granted.

HOFFMAN, J., did not participate in the consideration or decision of this case.