## McKeever v. McKeever

H. *Melvin Martin* and *William J. Martin,* for plaintiff.

*Joseph N. Mack,* for defendant.

EARLEY, *J.,* April 5, 1982 — Plaintiff-husband, Clifford R. McKeever, filed his complaint in divorce on October 16, 1978, alleging indignities to the person. The master, after a hearing, has recommended that a decree granting a divorce be en-

tered. The wife, Vivian G. McKeever, has filed exceptions to the master's recommendation, generally averring that the testimony did not establish indignities.

It should be noted that at the start of the hearing before the master, counsel for defendant, moved that the matter be considered under the new Divorce Code. The master indicated that counsel's motion would be taken under advisement. Presumably, at that point of the proceedings, counsel for the wife wished to have the action proceed under the new code, as allowed for in the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §103. No *application* for proceeding under the new code has been filed, however. Absent the filing of such an application, counsel's motion to have this action proceed under the new Divorce Code was inappropriate.

After a thorough review of the record and the case law regarding indignities, the court is of the view that indignities were not proven by a preponderance of the evidence and that a divorce decree should not be entered on these grounds. See Regan v. Regan, 227 Pa. Superior Ct. 552, 557, 322 A. 2d 711, 715 (1974).

The master's recommendation that a decree be entered on the grounds of indignities was apparently based on the following factors, listed among the findings of fact on pages 4-5 of the amended master's report:

the wife's occasional withdrawal of funds from a checking account, at times when funds were needed for monthly financial obligations.

the wife's verbal representations to her husband that she wanted her freedom, and that she wanted a divorce.

the wife's absence from the home without explanation.

the wife's voluntary choice to leave the marital home, on June 23, 1978, the date the parties were separated.

the lack of love and affection between the parties.

the husband's embarrassment and humiliation.

None of these factors, considered individually, would be enough to constitute indignities. See Lombard v. Lombard, 194 Pa. Superior Ct. 162, 166 A. 2d 98, 99 (1960): extravagance, unrelated to a willful intention to humiliate, is not evidence which will merit a decree of divorce on grounds of indignities; Hughes v. Hughes, 196 Pa. Superior Ct. 144, 146, 173 A. 2d 700, 703 (1961): absence from the home, even for several days at a time, does not constitute indignities: Gerenback v. Gerenback, 199 Pa. Superior Ct. 410, 416, 186 A. 2d 49, 52 (1962): nagging, petty quarrels, lack of affection, or other antagonistic attitudes, noted as not constituting indignities: Rasch v. Rasch, 32 Lehigh 291, 292-3 (1966): a cause of action for indignities is not established by proof of desertion.

The court is well aware that, although not constituting indignities, these factors are often indicative of estrangement between marriage partners. Likewise, the court is aware that several factors may coalesce to justify a finding of indignities, although taken separately, no single incident or factor would be sufficient: Dougherty v. Dougherty, 235 Pa. Superior Ct. 122, 339 A. 2d 81, 86 (1975). The court has considered the testimony as a whole, however, and concludes that a decree of divorce on the grounds of indignities, is not justified by the evidence which has been presented.

A reading of appellate court cases dealing with indignities as a ground for divorce shows that the "indignities" must be substantial. In those cases where a divorce has been granted, the facts presented a course of conduct by defendant spouse which was much more severe than the wife's conduct in the present case. The facts cited by the master, and factors such as name calling, discourtesy before friends and acquaintances, and neglect of household responsibilities are sometimes cited as *additional* factors supporting a decree. Research has disclosed no case however, where factors present in this case, justified a decree.

Although *intentional* inefficient housekeeping may be an indignity, Worobey v. Worobey, 201 Pa. Superior Ct. 41, 47, 190 A. 2d 167, 169 (1963), the husband's charge of neglect of household duties, pp. 11, 21. 25 was rebutted by the wife, p.47. Likewise, although name calling, might be considered an indignity, Yohey v. Yohey, 205 Pa. Superior Ct. 329, 333, 208 A. 2d 902, 904 (1965), the husband testified to only one such incident. The cases dealing with name calling usually portray a relationship where abusive name calling is frequent. Although the court in Boniewicz v. Boniewicz, 266 Pa. Superior Ct. 210, 403 A. 2d 999 (1979), considered a wife's financial indiscretions as a factor supporting a divorce decree, the alleged financial carelessness of the wife in the present case is minimal compared to that of the wife in Boniewicz.

Also, the testimony from the husband about name calling and the "get it yourself" rebukes before friends does not indicate that these incidents were part of a "continuous and persistent course of conduct," which must be shown before indignities may be found: McCurry v. McCurry, 279 Pa. Superior Ct. 223, 233, 420 A. 2d 1113, 1120 (1980).

Testimony from the husband to the effect that the wife's alleged improper conduct took place "on more than one occasion" or during the weeks just prior to separation, does not indicate a "continuous and persistant course of conduct" on the part of the wife, pp. 13, 19, 20. The name calling incident, the alleged flirtation with Mr. Beir, thoroughly rebutted by the Beirs, pp. 62-68, and the argument over $20 on Father's Day, 1978, if true, are certainly indicative of marital problems. The testimony does not, however, sufficiently indicate that these incidents were part of a pattern of misconduct on the part of the wife.

It might be argued that the wife's withdrawal from the home represented an indignity to her husband. Research however, has disclosed no case in which separation of the parties constituted an indignity to one of the spouses. Although it was apparently the wife's decision to leave, in June of 1978, it was arguably with the consent of the husband, however reluctant that consent may have been, pp. 5, 14, 21, 42, 43. The wife's leaving seems to have been tied to an agreement between the parties, dated June 23, 1978, the date of separation, pp. 6, 7, 14, 54. By the terms of the agreement, the wife received the sum of $2,950 and released any interest she would have had in her husband's personal or real property. Thus, this is not a case where a spouse has simply picked up and left his or her mate. Because of this, the court views the wife's leaving on June 23, 1978 as a separation, rather than as an indignity. Facts sufficient to support a claim of desertion are not present, nor was desertion alleged in the divorce complaint.

The court is well aware that the parties, while living together, had serious marital problems, and that they have been separated for almost four

years. Indeed, facts sufficient to support a divorce decree on grounds of indignities may exist. The testimony, however, does not support the charge of indignities. Much of the husband's testimony was rebutted by the wife and the Beirs. (pp. 42-69). Although the master found the husband's testimony more credible than that of the wife, no reasons for his conclusion were included in the amended master's report. In view of the contradictions in the parties' accounts of events prior to their separation, the court is reluctant to disregard the wife's testimony. See Taddigs v. Taddigs, 200 Pa. Superior Ct. 29, 33, 186 A. 2d 455, 457 (1962), and Coxe v. Coxe, 246 Pa. Superior Ct. 231, 233, 369 A. 2d 1297, 1299 (1976), noting that where the testimony of plaintiff spouse is contradicted by defendant spouse, there must be convincing circumstances to warrant disregard of defendant's evidence. Also, it has frequently been noted that a decree of divorce based on indignities is not warranted simply because the marriage is no longer a happy one or because the parties no longer get along well together: Howard v. Howard, 260 Pa. Superior Ct. 257, 260, 393 A. 2d 1251, 1252 (1978); Brown v. Brown, 288 Pa. Superior Ct. 354, 357, 431 A. 2d 1085, 1087 (1981).

Although all concerned might be better off if the marriage were dissolved, Pennsylvania's divorce law requires that the testimony show a course of conduct by which the wife offered indignities to the husband, rendering his condition intolerable, and his life burdensome: McCurry v. McCurry, 279 Pa. Superior Ct. 223, 233, 420 A. 2d 1113, 1118 (1980), 23 P.S. §10(1)(f)(repealed). The record is insufficient to support such a conclusion. As this case has proceeded upon allegations of indignities, under the old divorce law, the case law regarding indig-

nities, rather than the realities of the parties' present relationship must be controlling. When viewed individually, or collectively, the facts presented by the testimony do not support a decree of divorce based on indignities to the person. In view of the foregoing, the court has reached no conclusion about plaintiff husband's status as an "innocent and injured" spouse.

Wherefore, the court makes the following

## ORDER

And now, April 5, 1982, plaintiff, Clifford R. McKeever's prayer that a decree be entered divorcing he and defendant, Vivian C. McKeever, is denied, and the complaint dismissed.

This dismissal is without prejudice to plaintiff's filing of another complaint in divorce under the Divorce Code of 1980.